UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X
                                                               :

CONSOLIDATED DISTRIBUTORS, INC.,             :          17-CV-1112(ARR)

                         Appellant                                :          <u>NOT FOR ELECTRONIC</u>
                                                               :          <u>OR PRINT PUBLICATION</u>
       -against-                                            :
                                                               :          <u>OPINION & ORDER</u>

MOSHE MORTNER,                                           :

                         Appellee.                              :
---------------------------------------------------------------------- :
                                                               X

ROSS, United States District Judge:

        Appellant, Consolidated Distributors, Inc., initiated its appeal of a bankruptcy court judgment against it on March 2, 2017, purportedly proceeding <u>pro se</u>. Notice of Appeal, ECF No. 1.[1] However, appellant is an artificial entity that cannot proceed <u>pro se</u> in federal court. <u>See, e.g.</u>, <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); <u>Shapiro, Bernstein & Co. v. Continental Record Co.</u>, 386 F.2d 426, 427 (2d Cir.1967) (<u>per curiam</u>) (stating that "it is settled law that a corporation cannot appear other than by its attorney"); <u>In re Roma Grp., Inc.</u>, 153 B.R. 18, 20–21 (S.D.N.Y. 1993) (explaining that "[o]ne adopting a corporate form must accept the consequences which go with it. These include the duty to be amenable to litigation without the inconvenience caused to courts and adversaries by the necessity to deal in such litigation with representatives of the corporation unfamiliar with legal procedure.").

---

[1]       Record citations refer to the case captioned above unless otherwise indicated.

The court ordered appellant to cure this deficit and appear by counsel on March 7, 2017, and again on April 4, 2017. Order (Mar. 7, 2017); Order (April 4, 2017) (warning that "[f]ailure to do so may result in its appeal being dismissed"). Appellant has had no communication with the court since filing its notice of appeal, nor has it complied with Federal Rule of Bankruptcy Procedure 8009, which requires parties appealing bankruptcy orders to file with the bankruptcy clerk designations of items to be included in the appellant record. See Notice of Docketing Record on Appeal to District Court, In re Consolidated Distributors Inc., No. 1-13-40350-nhl (Bankr. E.D.N.Y. Mar. 2, 2017), ECF No. 196; Notice (Mar. 2, 2017); Fed. R. Bankr. P. 8009. According to the bankruptcy court's docket, appellant was represented by two attorneys in bankruptcy court.

The failure by the corporate plaintiff to obtain counsel in this case constitutes a failure to prosecute. Cf. Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 120 (E.D.N.Y. 2013) ("The failure by the corporate defendant to obtain counsel in this case constitutes a failure to defend"); Carlone v. Lion & the Bull Films, Inc., 861 F. Supp. 2d 312, 319 (S.D.N.Y. 2012) (entering default judgment against corporation that failed to appear by counsel). This court may, in its discretion, dismiss a case sua sponte for failure to prosecute. Link v. Wabash R. Co., 370 U.S. 626, 632-33 (1962). In exercising that discretion, a court must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) . . . [the court's] interest in managing its docket [as balanced] against plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 63 (2d Cir. 2000).

Three of these factors support dismissal. First, plaintiff had notice that failure to appear by counsel may result in dismissal. See Order (April 4, 2017). Second, the rules of bankruptcy

procedure allow appellant to request a stay of the judgment against it at any time while the appeal is pending. See Fed. R. Bankr. P. 8007(a)(2). This prevents the bankruptcy court's judgment from becoming final and prejudices appellant's creditors that are owed money under the judgment. Third, there is no sanction less draconian than dismissal of this appeal that will allow the bankruptcy court's judgment to become final upon expiration of the time limit to appeal.

However, the court recognizes that only a few months have passed since appellant's notice of appeal. Therefore, this appeal is dismissed without prejudice to reopening it in the event that appellant secures counsel before its time to appeal under the Federal Rules of Bankruptcy Procedure expires. See Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 62 (2d Cir. 1990) (instructing district court that if plaintiff, who could not proceed pro se, "does not retain counsel and if the district court declines to appoint counsel, the complaint should be dismissed without prejudice"); Weaver v. State of N.Y. 7. F. Supp. 2d 234, 237 (W.D.N.Y. 1998) (dismissing corporate plaintiff's action without prejudice where it failed to appear through counsel.). The Clerk of Court is directed to enter judgment for appellee and close the case.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated: May 1, 2017
      Brooklyn, New York